1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RODNEY WAYNE JONES, | ) | Case No.: C 99-20023 RMW (PVT) |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT FAULKNER'S MOTION FOR LEAVE TO TAKE A SECOND DEPOSITION** |
| v. | ) ) | |
| CORRECTIONAL OFFICER J. CUNNINGHAM, ET AL., | ) ) ) | **[Docket No. 147]** |
| Defendants. | ) ) ) | |

Pursuant to Rule 30(a)(2)(B), defendant W. Faulkner moves for leave to take a second deposition of plaintiff.[1] Plaintiff Rodney Wayne Jones opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission without oral argument. The hearing scheduled to be held on November 3, 2009 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that defendant Faulker's motion is denied.[2]

---

[1] In the moving papers, defendant Faulkner moves for leave to take a second deposition pursuant to Rule 30(a)(2)(B). However, Rule 30(a)(2)(B) relates to a party seeking leave to take a deposition "if the deponent is confined in prison." Although plaintiff Jones is presently incarcerated, it appears that based on the motion, defendant Faulkner moves for leave pursuant to Rule 30(a)(2)(A)(ii).

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

Defendant Faulker moves for leave to take a second deposition of plaintiff on the grounds that almost eight years have passed since the time he was first deposed on November 9, 2001. In addition, defendant Faulkner's present counsel was not engaged until April 6, 2005.

In further support of his motion, defendant Faulkner notes that plaintiff Jones has served "evasive and nonresponsive answers" to previously propounded interrogatories. Plaintiff Jones later served amended responses to the interrogatories, which defendant Faulkner also characterizes as "evasive and nonresponsive."

Plaintiff Jones (now represented by counsel) opposes the motion for leave to take a second deposition for several reasons, including that the discovery sought is patently cumulative and duplicative, that defendant Faulkner's subsequent engagement of private counsel following the November 9, 2001 deposition has no bearing on the instant motion, and that defendant Faulkner may move to compel further interrogatory responses, if necessary, and defendant Faulkner may propound additional written discovery to identify the "full nature and extent of [plaintiff Jones's] injuries."

"A party must obtain leave of court [if the deponent has already been deposed in the case], and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(ii).

Rule 26(b)(2) provides that the court may alter the length of deposition under Rule 30. Fed. R. Civ. P. 26(b)(2)(A). However, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Further deposition of plaintiff is not warranted here. Deputy Attorney General Barbara Sutliffe first sought to depose plaintiff on July 6, 2001. However, the deposition was continued because plaintiff wanted an opportunity to consult with counsel. After the district court denied

defendants' motion to dismiss for failure of plaintiff to cooperate in deposition, plaintiff Jones proceeding *pro se* was deposed for approximately three hours.  During that time, he answered all of the questions posed to him.  At the conclusion of the November 9, 2001 deposition, defendants did not indicate that leave for further deposition would be sought.

During the November 9, 2001 deposition of plaintiff, defendant Faulkner was represented by the Attorney General's Office.  Aside from the subsequent engagement of new counsel and the vintage of plaintiff's deposition, defendant Faulkner has not shown good cause to take a further deposition of plaintiff.  Moreover, defendant Faulkner has not stated that the motion for leave to take further deposition stems from the development of new evidence or new theories.  *See, e.g., Graebner v. James River Corp., et al.,* 130 F.R.D. 440, 441 (N.D. Cal. 1990)(" . . . repeat depositions are disfavored except in certain circumstances, [including] long passage of time with new evidence, new theories to the complaint, etc.").  Therefore, the court finds that a second deposition of plaintiff would be duplicative and that defendant Faulkner has had ample opportunity to obtain discovery by deposition.  Accordingly, defendant Faulkner's motion for leave to take a second deposition is denied.  Pursuant to Rule 37(a)(3)(iii), defendant Faulkner may move to compel further interrogatory responses.

IT IS SO ORDERED.

Dated:  October 20, 2009

PATRICIA V. TRUMBULL
United States Magistrate Judge